STATE v. SARAH WHITTED.

(Filed 20 April, 1966.)

Infants § 7—

Where the warrant charges defendant with using a minor to assist her in the sale of illicit liquor, but the evidence shows only that the minor was used to carry nontaxpaid liquor from a neighboring shed to defendant's house, without any finding that defendant sold illicit liquor on the occasion in question, is insufficient to support the particular offense charged in the warrant, and judgment of nonsuit should have been entered.

MOORE, J., not sitting.

APPEAL by defendant from Bailey, J., November 1965 Assigned Criminal Session of WAKE.

Criminal prosecution on a warrant charging that defendant, on or about August 24, 1965, "did wilfully contribute to the delinquency of Donald Lee Whitted, a minor, age 12, in that she used him to assist her in the sale of illicit liquor," tried de novo in the superior court after appeal by defendant from conviction and judgment in the Domestic Relations Court of Wake County. Upon return of a verdict of guilty as charged, judgment imposing a prison sentence was pronounced. Defendant excepted and appealed, assigning as error, inter alia, the denial of her motion for judgment as in case of nonsuit.

Attorney General Bruton and Assistant Attorney General Goodwyn for the State.

George M. Anderson and E. Ray Briggs for defendant appellant.

PER CURIAM. A Raleigh Police Officer was the only witness. He testified that defendant and Donald Lee Whitted, defendant's twelve-year-old grandson, lived at 708 Carroll's Alley. He also testified to observations made by him on August 24, 1965, about 9:00

p.m., when he and other officers had taken a position "across a branch about 25 to 30 feet from the back of the house at 708 Carroll's Alley." He also testified to the result of the search some 45-55 minutes later of the shed at the rear of 710 Carroll's Alley and of the house at 708 Carroll's Alley and of the person of Donald.

Conceding, without deciding, the circumstantial evidence on which the State relied was sufficient to support a finding that Donald left 708 Carroll's Alley, went to the shed in back of 710 Carroll's Alley and got two half-gallon jars of nontaxpaid (illicit) liquor from the shed and brought them back to 708 Carroll's Alley and handed them to defendant, the evidence was insufficient, in our view, to support a finding that defendant *sold* illicit liquor and "used (Donald) to assist her in the sale" thereof, the only accusation in the warrant as to the way and manner in which she wilfully contributed to the delinquency of Donald.

Since the evidence relates solely to what occurred on said occasion on August 24, 1965, and is insufficient to support the particular offense charged in the warrant, the court's denial of defendant's motion for judgment as in case of nonsuit constitutes reversible error.

Reversed.

MOORE, J., not sitting.